# NO. 12-22-00311-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE TRAVELERS INDEMNITY COMPANY,* | *§* | *APPEAL FROM THE 349TH* |
| *APPELLANT* | *§* | *DISTRICT COURT* |
| *V.* | *§* | *HOUSTON COUNTY, TEXAS* |
| *GRAPELAND INDEPENDENT SCHOOL DISTRICT,* | | |
| *APPELLEE* | | |

## *MEMORANDUM OPINION*

The Travelers Indemnity Company ("Travelers") appeals the trial court's denial of its motion to dismiss Grapeland Independent School District's ("Grapeland") claims against it or stay the litigation in favor of arbitration. We affirm.

## BACKGROUND

Grapeland obtained property insurance coverage from Texas Rural Education Association Risk Management Cooperative ("TREA") for the period of September 1, 2018 through September 1, 2019. The coverage declarations document ("Policy") contains no arbitration clause. TREA subsequently formed a contract ("Reinsurance Contract") with Travelers to reinsure part of TREA's liability to Grapeland. The Reinsurance Contract provides a reinsurance limit of $200,000,000.00 and a company retention of $500,000.00 per occurrence. It contains the following arbitration clause:

> As a condition precedent to any right of action hereunder, any dispute between the COMPANY and the REINSURER arising out of, or relating to the formation, interpretation, performance or breach of this CERTIFICATE, whether such dispute arises before or after termination of this CERTIFICATE, shall be submitted to arbitration.

In the Reinsurance Contract, "company" means TREA, and "reinsurer" means Travelers.

Grapeland sued Travelers, TREA, and Abercrombie, Simmons, & Gillette ("ASG")[1] based on a dispute over the settlement of its claim for damage sustained from hail and windstorms on April 6, 2019. In its fourth amended petition, the live petition, Grapeland asserts claims against only TREA for breach of contract, breach of the common law duty of good faith and fair dealing, and violation of the Texas Prompt Payment of Claims Act. Against only Travelers, Grapeland asserts a negligence claim. Against TREA and Travelers, Grapeland asserts claims for common law fraud, and conspiracy to commit fraud. Against TREA, Travelers, and ASG, it asserts claims for misrepresentation, violation of the Texas Unfair Compensation and Unfair Practices Act, and violation of the Texas Deceptive Trade Practices Act (DTPA).

Travelers moved the trial court to dismiss the claims against it or stay the litigation in favor of arbitration based on the Reinsurance Contract's arbitration clause. The court denied the motion. This appeal followed.

## DENIAL OF MOTION TO DISMISS OR STAY

In Travelers's sole issue, it contends that the trial court erred by denying its motion to dismiss or stay the litigation in favor of arbitration. Specifically, Travelers argues that Grapeland's claims against it are subject to the Reinsurance Contract's arbitration clause because direct benefits estoppel applies and the claims "arise out of or relate to the Reinsurance Contract."

### Standard of Review and Applicable Law

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo. *Id.* Determining whether a claim involving a nonsignatory must be arbitrated is a gateway matter for the trial court, which means the determination is reviewed de novo. *Jody James Farms, JV v. Altman Group, Inc.*, 547 S.W.3d 624, 629 (Tex. 2018).

No party may be compelled to arbitrate unless they have agreed to arbitrate or are bound by principles of agency or contract law to do so. *Id.* at 640. Whether a party is bound by an arbitration agreement is normally a function of the parties' intent as expressed in the agreement's

---

[1] Only Travelers and Grapeland are parties to this appeal.

terms. ***Id.*** at 633. Additionally, courts have articulated six scenarios in which arbitration with nonsignatories may be required: (1) incorporation by reference, (2) assumption, (3), agency, (4) alter ego, (5) equitable estoppel, and (6) third-party beneficiary. ***Id.*** When relying on a contract to compel arbitration, the moving party must first establish the existence of a valid and enforceable arbitration agreement. ***Id.*** Within this element is the question of whether the arbitration agreement is valid and enforceable against a nonsignatory. *See **id.*** Second, the claims at issue must fall within the arbitration agreement's scope. ***Id.***

The Texas Supreme Court has recognized direct benefits estoppel as a type of equitable estoppel that may be used to compel arbitration. ***Id.*** at 636. Direct benefits estoppel applies to parties who seek to derive a direct benefit from a contract with an arbitration agreement. ***Id.*** at 637. A nonsignatory may be compelled to arbitrate if it (1) seeks to derive a direct benefit from the contract through the lawsuit or (2) deliberately seeks and obtains substantial direct benefits from the contract itself. ***In re Weekley Homes, L.P.***, 180 S.W.3d 127, 131-32 (Tex. 2005). When a claim depends on the contract's existence and cannot stand independently—that is, the alleged liability arises solely from the contract or must be determined by reference to it—equity prevents a person from avoiding the arbitration clause that was part of that agreement. ***Jody James Farms***, 547 S.W.3d at 637. However, when the substance of the claim arises from general obligations imposed by state law, including statutes, torts, and other common law duties, or federal law, direct benefits estoppel is not implicated even if the claim refers to or relates to the contract or would not have arisen but for the contract's existence. ***Id.***

## Analysis

In its brief, Travelers asserts that "a non-signatory to a contract that provides disputes arising out of or relating to the performance or breach of the contract can be bound by the arbitration provision when (1) it directly seeks benefits under the contract *or* (2) brings claims that arise out of or relate to the contract." Based on this purported statement of the law, Travelers argues that the trial court erred by denying its motion because "[t]hrough this suit, Grapeland both directly seek[s] benefits (insurance payments) under the Reinsurance Contract and asserts causes of action that arise out of and relate to the Reinsurance Contract." We recently addressed these arguments and decided against Travelers in an almost identical case. *See **Travelers Indemnity Company v. Alto ISD***, No. 12-21-00143-CV, 2022 WL 1668859 (Tex. App.—Tyler

May 25, 2022, pet. denied) (mem. op., not designated for publication). Nonetheless, Travelers urges us to disavow our analysis in *Alto*. We decline to do so.

In *Alto*, we rejected Travelers's assertion that a nonsignatory can be bound by an arbitration provision merely because its claim "relates" to the contract. *See id.* at \*6; *see also Jody James Farms*, 547 S.W.3d at 637. We also rejected Travelers's argument that direct benefits estoppel applied because "Alto's live petition [was] replete with allegations seeking additional insurance funds from Travelers, which, if owed, would necessarily arise from a payment obligation under the Reinsurance Contract." *See Alto*, 2022 WL 1668859, at \*4. Travelers's repeats this argument here and lists the following examples from Grapeland's petition:

> [1] "The damage to Plaintiff's property *for which it made claims to Defendants for insurance proceeds* was incurred in Houston County, Texas as a result of a [sic] hail and windstorms that traveled through Houston County, Texas." [record citations omitted]
>
> [2] "To date, *Grapeland ISD has received . . . approximately $900,000 from Defendant Travelers* . . ." []
>
> [3] "To date, Grapeland ISD has received $0 from Defendant TREA RMC . . ." []
>
> [4] "Grapeland ISD has not received *additional funds from* TREA RMC or *Travelers*." []
>
> [5] "Defendant Travelers['s] adjusters represented to [Grapeland] and [Grapeland's] adjuster LRG that certain items would be covered and *payments would be made*, but the *payments were never made*." []
>
> [6] "Defendants TREA RMC, ASG and Travelers wrongfully denied and limited [Grapeland's] claims for repairs even though *the Policy provided coverage for losses* such as those suffered by [Grapeland]." []
>
> [7] "Defendants TREA RMC, ASG and *Travelers . . . refused to pay the claim* without a reasonable investigation . . ." []
>
> [8] "[Grapeland] has been damaged as a result of Defendants TREA RMC['s] and Travelers['s] deceptive trade practices *in an amount equal to the costs of repairs* . . ." []
>
> [9] "[Grapeland] is entitled to actual damages, which includes the *loss of the benefits* that should have been paid pursuant to the policy . . ." []

Here, as in *Alto*, we disagree that the petition excerpts constitute "allegations seeking additional insurance funds from Travelers, which, if owed, would necessarily arise from a payment obligation under the Reinsurance Contract." Instead, the excerpts, especially when considered in context of the petition as a whole, show that Grapeland alleges it was damaged by

receiving an inappropriate settlement for its claims under the Policy—not the Reinsurance Contract, and that Travelers's liability, if any, is premised on insurance code, tort, and DTPA duties that are general, noncontract obligations arising from its role as the adjuster of the claims under the Policy—not the reinsurer of TREA's liability under the Reinsurance Contract. Accordingly, we conclude Travelers has not carried its burden of establishing that direct benefits estoppel applies in this case. *See **Jody James Farms***, 547 S.W.3d at 633; *see also **5556 Gasmer Management LLC v. Underwriters at Lloyd's, London***, 463 F.Supp.3d 785, 793-94 (S.D. Tex. 2020) (direct benefits estoppel did not apply when nonsignatory sought to hold insurance broker defendants liable in tort pursuant to Texas Insurance Code theories rather than duties imposed by the insurance policy).

Because Travelers has not shown that the arbitration provision is valid and enforceable against Grapeland under either of its theories, we conclude that the trial court did not abuse its discretion by denying Travelers's motion to dismiss or stay the litigation. *See **Jody James Farms***, 547 S.W.3d at 633. Accordingly, we overrule Travelers's sole issue.

## DISPOSITION

Having overruled Travelers's sole issue, we ***affirm*** the trial court's judgment. We ***lift*** our stay of January 4, 2023.

**BRIAN HOYLE**
Justice

Opinion delivered May 10, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 10, 2023**

**NO. 12-22-00311-CV**

**THE TRAVELERS INDEMNITY COMPANY,**
Appellant
V.
**GRAPELAND INDEPENDENT SCHOOL DISTRICT,**
Appellee

Appeal from the 349th District Court
of Houston County, Texas (Tr.Ct.No. 20-0060)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellant, **TRAVELERS INDEMNITY COMPANY**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*